## W. W. BABBS et al. v. STATE.

No. A-7497.   Opinion Filed Dec. 13, 1930.
As Modified on Denial of Rehearing Jan. 24, 1931.
(295 Pac. 393.)

Carroll J. Moody and Yerker E. Taylor, for plaintiffs in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiffs in error, hereinafter called defendants, were convicted in the county court of Garvin county of the crime of conspiracy, and the punishment of each of the defendants fixed by the jury at a fine of $200 and imprisonment in the county jail for a period of six months.

The evidence of the state was that the defendants conspiring together procured the arrest of one Wesley Dennis upon the false and malicious charge that he had unlawful possession of a certain still; that said still was placed upon the premises of said Wesley Dennis by the defendants conspiring together for the purpose of unlawfully procuring and bringing about the unlawful prosecution and conviction of said Wesley Dennis. The defendants did not take the witness stand and offered no evidence.

Defendants first contend that the court erred in overruling their motion to quash the panel of the jury, for the reason that the sheriff was biased and prejudiced against the defendants.

It appears from the record that in impaneling the jury the regular panel of jurors was exhausted, and the court directed W. A. Rose, the sheriff, to summon three jurors from the body of the county. Thereupon defendants dictated an objection into the record challenging the panel because the sheriff's name was indorsed on the information and he was a material witness for the state, and was thereby disqualified to summon such jurors. The copy of the information in the record does not have indorsed on it the name of W. A. Rose, the sheriff, and he was not sworn and did not testify in the case.

In the case of Dumas v. State, 19 Okla. Cr. 413, 201 Pac. 820, this court said:

"Where the appellant interposed in the trial court a challenge to a special venire of talesmen on the ground that they were summoned by the sheriff, and that said sheriff's name was indorsed on the information as a witness against defendant, and there is no showing in the record that the sheriff was a material witness against defendant, and, on the contrary, it appears that the sheriff was not produced and did not testify as a witness against

defendant, it cannot be said that the trial court, in the absence of such a showing, committed error prejudicial to defendant in overruling the challenge."

The challenge to the panel not having been made as required by law, and it not appearing that the sheriff was a material witness os was used to testify in the case, it was not prejudicial error for the trial court to overrule such challenge.

Defendants next contend that the court erred in admitting incompetent, irrelevant, and immaterial testimony.

It appears from the record that after the arrest of Wesley Dennis, the officers became convinced that the charges made against him by the defendants in the case at bar were based upon prejudice and false. Thereupon, such officers obtained search warrants for the premises of the defendants and searched the same for intoxicating liquor.

There is a dispute in the evidence as to how certain shoes used by the officers for comparing the tracks found about the still were obtained; the officers claiming that the shoes were turned over to them by the defendants, while defendants deny this. The shoes were not introduced in evidence, but the officers did testify that the tracks found near the still were made by shoes similar to those they had obtained from the defendants, but that they did not know who was wearing the shoes at the time the tracks were made.

Defendants argue that this evidence was inadmissible for the reason that it was obtained by an unlawful search and seizure. Since there is a dispute as to how the shoes were obtained and since they were not offered in evidence by the state, the question of unlawful search and seizure

24

does not properly enter into the case. At most, it could only be said that this evidence was a circumstance tending to connect the defendants with the placing of the still upon the farm of Dennis before filing charges against him.

Defendants complain of other errors, but they are all without substantial merit.

The evidence being sufficient to support the verdict of the jury and the errors of law complained of not being fundamental, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.

On Petition for Rehearing.

PER CURIAM. Since the filing of the original opinion, counsel have filed a petition for rehearing, among other things contending that if the judgment is affirmed the punishment assessed is excessive under all the circumstances. The prosecution has suggested to the court that under all the circumstances the punishment is excessive, and upon further consideration the judgment is modified by reducing the fine assessed from $200 to $50 as to each defendant.